UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEE | CIVIL ACTION |
| VERSUS | CASE NO. 16-16072 |
| DENOUX, ET AL. | SECTION: "G" (1) |

## ORDER

Pending before the Court is Defendants Chase Denoux, Devin Dominic, Mark Monson, and Shane Rivolo's (collectively, "Defendants") unopposed "Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(c) or, alternatively, for Summary Judgment Pursuant to F.R.C.P. 56 and to Dismiss as Frivolous Pursuant to 28 U.S.C. § 1915(e)."[1] Pro se Plaintiff Jacob Daniel Lee ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants, who are Jefferson Parish Sheriff's Office Deputies, violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.[2] Although he does not specify which state laws apply to his claims, Plaintiff also alleges "claims arising under the laws of the State of Louisiana."[3] Considering the motion, the memorandum in support, and the record, the Court will grant the motion in part and deny the motion in part.

## I. Background

According to Defendants' "Statement of the Uncontested Material Facts," on November 5, 2015, Plaintiff was "briefly apprehended" as a suspect in narcotics, firearm, and burglary activity.[4]

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 1 at 1.

[3] *Id.*

[4] Rec. Doc. 16-3 at 1. Although Plaintiff states that this encounter occurred on November 4, 2015, Plaintiff also asserts that the encounter took place around midnight.

1

Defendants state that Plaintiff violently resisted arrest and struck Deputy Denoux in the face before escaping from Defendants.[5] In the complaint, Plaintiff avers that during this encounter, Defendant Deputy Denoux and Defendant Deputy Dominic first attempted to ram Plaintiff with their vehicle.[6] Plaintiff alleges that one of the deputies then attacked Plaintiff, while Plaintiff's hands were allegedly bound behind his back.[7] Plaintiff states that he then ran away "in fear for his life."[8] According to Plaintiff, a 1986 Nissan Maxima parked near this event was illegally seized.[9] Plaintiff asserts that the car was seized at 2:00 AM on November 5, 2015, but the warrant for its search and seizure was executed at 5:46 AM on November 5, 2015.[10]

Defendants state that on November 6, 2015, Plaintiff was apprehended by Gretna Police Officers.[11] According to Defendants, Plaintiff was then arrested for illegal possession of LSD, marijuana, and oxycodone; illegal possession of a firearm; battery on a police officer; resisting arrest by force or violence; possession of a firearm while in possession of narcotics; and possession of stolen goods with a value of more than $1,500.[12] In the complaint, Plaintiff asserts that on November 6, 2015, he was wrongfully arrested and remained incarcerated for 76 days.[13] Moreover,

---

[5] *Id.*

[6] Rec. Doc. 1 at 1. Plaintiff alleges that the deputies did not identify themselves.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 2.

[10] *Id.*

[11] Rec. Doc. 16-3 at 2.

[12] *Id.*

[13] Rec. Doc. 1 at 3.

Plaintiff states that a bill of information was filed 67 days after Plaintiff was arrested.[14] According to Plaintiff, he was arrested after Defendant Detective Rivolo signed an affidavit for an arrest warrant and Defendant Sergeant Monson signed an application for his arrest.[15] Defendants state that "[o]n May 22, 2017, Plaintiff pled guilty to an amended charge of misdemeanor resisting arrest in violation of La. R.S. 14:108 and was sentenced to three months in Parish Prison with credit for time served."[16]

On November 3, 2016, Plaintiff filed the complaint.[17] On February 6, 2018, Defendants filed the instant motion, which was set for submission on February 28, 2018.[18] Plaintiff did not file an opposition

## II. Parties' Arguments

### A. *Defendants' Motion to Dismiss Plaintiff's Complaint*

Defendants first assert that they have raised qualified immunity as a defense to Plaintiff's suit.[19] Moreover, Defendants state that it appears that Plaintiff is alleging a claim of excessive force stemming from the events on November 5, 2015, and a claim of false arrest stemming from the events on November 6, 2015.[20] Defendants argue that Plaintiff's Section 1983 false arrest claims are barred because Plaintiff pled guilty to an underlying criminal charge of misdemeanor resisting arrest.[21] According to Defendants, the Supreme Court in *Heck v. Humphrey* held that a

---

[14] *Id.* at 3.

[15] *Id.* at 2–3.

[16] Rec. Doc. 16-3 at 2.

[17] Rec. Doc. 1.

[18] Rec. Doc. 16.

[19] Rec. Doc. 16-1 at 7.

[20] *Id.* at 2.

3

false arrest claim pursuant to Section 1983 is not cognizable when the plaintiff is validly convicted.[22] Defendants assert that the *Heck* doctrine also applies to Plaintiff's false arrest claims under Louisiana state law.[23]

Moreover, Defendants assert that Plaintiff's Section 1983 excessive force claim is similarly barred by his conviction for resisting arrest.[24] Defendants contend that Plaintiff's conviction for resisting arrest means that the arresting officer was justified in using force to overcome Plaintiff's resistance.[25] Defendants assert that similar to the Fifth Circuit's decision in *Hudson v. Hughes* regarding an excessive force claim after a plaintiff was convicted of battery of an officer, Plaintiff's excessive force claim, if successful, would necessarily imply the invalidity of his arrest and conviction for resisting arrest.[26] Defendants then contend that Plaintiff's excessive force claims under Louisiana law are also barred because they would challenge the validity of the underlying criminal conviction.[27]

Last, Defendants aver that "Plaintiff's claim of unlawful arrest is not properly analyzed under the Fifth and Fourteenth Amendments," but rather that it should be analyzed under the Fourth Amendment.[28] Defendants also assert that Plaintiff does not allege any facts that suggest

---

[21] *Id.* at 8.

[22] *Id.* at 9 (citing 512 U.S. 477, 486–87 (1994)).

[23] *Id.*

[24] *Id.* at 11.

[25] *Id.* at 14.

[26] *Id.* (citing 98 F.3d 868, 872 (5th Cir. 1996)).

[27] *Id.* at 15 (citing *Sheppard v. City of Alexandria*, No. 10-1396, 2012 WL 3961820, at *2 (W.D. La. Sept. 10, 2012)).

[28] *Id.* at 16 (citing *Albright v. Oliver*, 510 U.S. 266, 275 (1994)).

that the Eighth Amendment is applicable to Plaintiff's case.[29] Thus, Defendant argues that Plaintiff's Fifth, Eighth, and Fourteenth Amendment claims should be dismissed.[30]

### III. Legal Standard

Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, "[e]ach party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date." As noted above, Plaintiff has not filed any opposition to the pending motion, either within the time-frame established by Local Rule 7.5 or otherwise. "Although failure to respond to a motion will be considered a statement of no opposition, the court is not required to grant every unopposed motion."[31] Rather, considering the papers before it, the Court may grant only those unopposed dispositive motions that have merit.[32]

#### A. *Motion for Judgment on the Pleadings under Rule 12(c)*

A motion for judgment on the pleadings under Rule 12(c) is treated in the same manner as a Rule 12(b)(6) motion to dismiss.[33] "The central issue is whether in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[34] The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[35] To survive a Rule

---

[29] *Id.*

[30] *Id.* at 17.

[31] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350 (5th Cir. 1993).

[32] *See John v. State of La. (Bd. of Trustees for State Colleges and Universities)*, 757 F.2d 698 (5th Cir. 1985); *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[33] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trus Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[34] *Id.* (internal quotations omitted).

[35] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)).

12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[36] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[37] If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56 and all parties must be given an opportunity to present all the material that is pertinent to the motion.[38]

Here, Defendants seek dismissal of Plaintiff's claims, asserting that Plaintiff's claims are barred pursuant to the *Heck* doctrine. The Fifth Circuit has affirmed a district court's decision to grant a Rule 12(c) motion to dismiss a plaintiff's claims as barred by the *Heck* doctrine.[39] Furthermore, Defendants do not rely on any summary judgment evidence in their motion. Thus, the Court will analyze whether to dismiss Plaintiff's claims under Rule 12(c).

### B. *Applicable Law on Section 1983*

"To state a claim under § 1983, a plaintiff must show: (1) he or she was deprived of a federal constitutional or statutory right or interest; (2) this deprivation occurred under the color of state law; and (3) the defendant was either personally involved in this deprivation or committed wrongful conduct that is causally connected to it."[40]

### C. *Legal Standard for Qualified Immunity*

The doctrine of qualified immunity protects government officials "from liability for civil

---

[36] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[37] *Id.* at 1965 (internal quotations, citations, and footnote omitted).

[38] Fed. R. Civ. P. 12(d).

[39] *See Leonard v. Juge*, 72 F. App'x 129 (5th Cir. 2003).

[40] *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017).

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[41] Qualified immunity is an "immunity from suit rather than a mere defense to liability."[42] Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[43]

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[44] Part one asks the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[45] Part two inquires whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[46] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[47]

## IV. Analysis

Defendants seek to dismiss Plaintiff's complaint asserting that Plaintiff has alleged claims for false arrest and excessive force. However, the Court notes Plaintiff has also claimed that his vehicle was illegally seized and other general constitutional violations.

---

[41] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[42] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

[43] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[44] 533 U.S. 194 (2001).

[45] *Id.* at 201.

[46] *Id.* at 202.

[47] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

### A. *Whether Defendants are entitled to dismissal of Plaintiff's false arrest claim*

In the complaint, Plaintiff asserts that he was wrongfully arrested on November 6, 2015.[48] In the instant motion, Defendants assert that Plaintiff's false arrest claims are barred because he pled guilty to an underlying criminal charge. Defendants quote *Heck v. Humphrey* in asserting,

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.[49]

Defendants argue that Plaintiff was charged with felony resisting arrest by force for violence and that he pleaded guilty to an amended charge of misdemeanor resisting arrest.[50] Therefore, Defendants aver, "Plaintiff is procedurally foreclosed from suing under any theory of false arrest under federal or state law."[51]

In *Walter v. Horseshoe Entertainment*, the Fifth Circuit applied the *Heck* doctrine to a false arrest claim.[52] In that case, the plaintiffs were charged with remaining in a place after being forbidden and resisting arrest after an altercation between the plaintiffs, a security guard, and a police officer when the plaintiffs were being escorted from the premises of a casino.[53] The plaintiffs were later convicted for both remaining in a place after being forbidden and resisting

---

[48] Rec. Doc. 1 at 3.

[49] Rec. Doc. 16-1 at 8–9 (citing *Heck*, 512 U.S. at 486–87).

[50] *Id.* at 10.

[51] *Id.* at 11.

[52] 483 F. App'x 884, 887 (5th Cir. 2012).

[53] *Id.* at 886.

arrest.[54] The Fifth Circuit determined the *Heck* doctrine applied to the plaintiffs' false arrest claim because they "were arrested for crimes of which they were ultimately convicted."[55]

Here, as stated above, Plaintiff was charged with felony resisting arrest by force or violence, and he pleaded guilty to an amended charge of misdemeanor resisting arrest. Therefore, Plaintiff was arrested and ultimately convicted for resisting arrest. Thus, Plaintiff's conviction "necessarily implies that there was probable cause for the arrest."[56] Moreover, Louisiana courts have found that the *Heck* doctrine applies to state law claims that necessarily attack the validity of underlying convictions.[57] As a result, Plaintiff has not pleaded sufficient facts to state a claim to relief that is plausible on its face, and Defendants are entitled to judgment as a matter of law.

### B. *Whether Defendants are entitled to dismissal of Plaintiff's excessive force claim*

In the complaint, Plaintiff asserts that Deputy Denoux and Deputy Dominic attempted to ram Plaintiff with a truck and then attacked him during their first encounter.[58] Defendants argue that Plaintiff's apparent claim for excessive force would necessarily imply the invalidity of Plaintiff's conviction for resisting arrest.[59] Thus, Defendants contend that Plaintiff is precluded from bringing an excessive force claim.[60]

In *Walter*, the Fifth Circuit also applied the *Heck* doctrine to an excessive force claim.[61]

---

[54] *Id.*

[55] *Id.* at 887.

[56] *Id.* (citing *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999)).

[57] *See, e.g., Williams v. Harding*, 2012-1595 (La. App. 1 Cir. 4/26/13); 117 So.3d 187, 191.

[58] Rec. Doc. 1 at 1.

[59] Rec. Doc. 16-1 at 13–14.

[60] *Id.*

[61] 483 F. App'x at 887.

The Fifth Circuit stated, "We have held that 'a successful claim of excessive force would necessarily undermine a conviction for resisting arrest.'"[62] "A claim of excessive force that is 'temporally and conceptually distinct' from the conviction would not be barred by *Heck*."[63] The Fifth Circuit stated that the plaintiffs' claim for excessive force and convictions for resisting arrest stemmed "from a single interaction."[64] As a result, the plaintiffs' claims for excessive force were barred by *Heck*.[65]

Here, Plaintiff's complaint alleges that he fled from the November 5, 2015 encounter because he "fear[ed] for his life" due to Defendants' "attack on [P]laintiff."[66] Thus, Plaintiff's complaint does not allege that the claim for excessive force and the conviction for resisting arrest stem from temporally and conceptually distinct acts, and Plaintiff's Section 1983 claim for excessive force would undermine his conviction for resisting arrest. Plaintiff's claim for excessive force is therefore barred by *Heck*. Moreover, Louisiana courts have found that the *Heck* doctrine also applies to state law claims for excessive force that necessarily attack the validity of underlying convictions.[67] Consequently, Plaintiff has not pleaded sufficient facts to state a claim to relief that is plausible on its face, and Defendants are entitled to judgment as a matter of law.

---

[62] *Id.* (quoting *Thomas v. La. State Police*, 170 F.3d 184, 184 (5th Cir. 1999)).

[63] *Id.* (citing *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)).

[64] *Id.*

[65] *Id.*

[66] Rec. Doc. 1.

[67] *Williams*, 117 So. 3d at 191.

## C. *Whether Defendants are entitled to dismissal of any other claims*

In addition to alleging that Defendants violated his Fourth Amendment rights, Plaintiff alleges that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights.[68] Defendants assert that Plaintiff has not alleged any facts that suggest that the Fifth, Eighth, or Fourteenth amendments are applicable to the instant case.[69]

The Court notes that it interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them."[70] Mindful of Plaintiff's pro se status and construing the complaint liberally, the Court finds that Plaintiff has raised a false arrest claim, an excessive force claim, and an illegal search and seizure claim. All three of these claims are analyzed as a violation of Plaintiff's Fourth Amendment rights.[71]

However, Plaintiff may also be attempting to assert a claim under Section 1983 that his Fourteenth Amendment due process rights have been violated, as Plaintiff states that "a Bill of Information was filed 67 days after being arrested."[72] Despite this statement, Plaintiff has not named any party responsible for this delay as a defendant. In consideration of Plaintiff's pro se status, the Court grants Plaintiff leave to amend his compliant to address the deficiencies noted by the Court if possible and to allege any other potential claim Plaintiff may have against Defendants.

---

[68] Rec. Doc. 1.

[69] Rec. Doc. 16-1.

[70] *In re Tex. Pig Stands, Inc.,* 610 F.3d 937, 941 n.4 (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[71] *See, e.g., Wallace v. Kato*, 549 U.S. 384, 397 (2007) (analyzing a plaintiff's false arrest claim as a violation of the Fourth Amendment); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that all claims that law enforcement officers have used excessive force in the course of an arrest should be analyzed under the Fourth Amendment and its reasonableness standard); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988) (stating that a plaintiff alleged a violation of his Fourth Amendment rights by asserting the seizure of some of his personal property by a state police officer).

[72] Rec. Doc. 1.

Plaintiff also asserts a claim for illegal seizure of his vehicle. Defendants do not address this claim in the instant motion. However, Defendants raise the defense of qualified immunity. As a result, the Court will order supplemental briefing on Plaintiff's claim for illegal seizure of his vehicle and the potential application of qualified immunity to Plaintiff's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(c) or, alternatively, for Summary Judgment Pursuant to F.R.C.P. 56 and to Dismiss as Frivolous Pursuant to 28 U.S.C. § 1915(e)" is **GRANTED IN PART** to the extent that Defendants seek dismissal of Plaintiff's false arrest and excessive force claims.

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED IN PART** to the extent that Plaintiff raises a claim not addressed by Defendants' motion, specifically Plaintiff raises a claim for illegal search and seizure of his vehicle.

**IT IS FURTHER ORDERED** that Plaintiff and Defendants are granted leave to submit supplemental briefing on Plaintiff's claim for illegal search and seizure and the potential application of qualified immunity to Plaintiff's claim.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the complaint within 14 days of this order to address the deficiencies regarding his Fifth, Eighth, and Fourteenth Amendment claims. If Plaintiff fails to do so, the claims will be dismissed upon motion of the Defendants.

**IT IS FURTHER ORDERED** that the pre-trial conference scheduled for May 17, 2018 at 2:00 PM and the trial scheduled for June 4, 2018 at 9:00 AM are continued. The parties shall contact the Court's case manager within 30 days of this order to conduct a scheduling conference.

**NEW ORLEANS, LOUISIANA**, this 16th day of May, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**