# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-16072** |
| **DENOUX, ET AL.** | **SECTION: "G" (1)** |

## <u>ORDER</u>

Pending before the Court are Defendants Chase Denoux, Devin Dominic, Mark Monson, and Shane Rivolo's (collectively, "Defendants") "Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(c) or, alternatively, for Summary Judgment Pursuant to F.R.C.P. 56,"[1] and pro se Plaintiff Jacob Daniel Lee's ("Plaintiff") "Motion to Continue Hearing on Motion to Dismiss or Alternatively for Summary Judgment."[2] Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants, who are Jefferson Parish Sheriff's Office Deputies, violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and various unidentified state laws.[3] Defendants filed a Motion to Dismiss, which the Court granted in part and denied in part, also granting Plaintiff leave to amend the complaint to "allege any other potential claim that Plaintiff may have against Defendants."[4] Since then, Plaintiff twice amended the complaint to add new allegations.[5] In response, Defendants filed the instant motion to dismiss.[6] The Court denies as moot Plaintiff's motion to continue hearing on Defendant's motion to dismiss. Nonetheless, the

---

[1] Rec. Doc. 41.

[2] Rec. Doc. 47.

[3] Rec. Doc. 1 at 1.

[4] Rec. Doc. 18 at 11.

[5] Rec. Docs. 21, 26.

[6] Rec. Doc. 41.

Court has considered Plaintiff's untimely opposition to Defendant's motion to dismiss. Considering Defendant's motion to dismiss, the memorandum in support and opposition, and the record, the Court grants Defendant's motion to dismiss.

## I. Background

According to Defendants, on November 5, 2015, Plaintiff was "briefly apprehended" as a suspect in narcotics, firearm, and burglary activity.[7] Defendants state that Plaintiff violently resisted arrest and struck Deputy Denoux in the face before escaping from Defendants.[8] In the complaint, Plaintiff avers that during this encounter, Defendant Deputy Denoux and Defendant Deputy Dominic first attempted to ram Plaintiff with their vehicle.[9] Plaintiff alleges that one of the deputies then attacked Plaintiff, while Plaintiff's hands were allegedly bound behind his back.[10] Plaintiff states that he then ran away "in fear for his life."[11] According to Plaintiff, a 1986 Nissan Maxima parked near this event was illegally seized.[12] Plaintiff asserts that the car was seized at 2:00 AM on November 5, 2015, but the warrant for its search and seizure was executed at 5:46 AM on November 5, 2015.[13]

Defendants state that on November 6, 2015, Plaintiff was apprehended by Gretna Police Officers.[14] According to Defendants, Plaintiff was then arrested for illegal possession of LSD,

---

[7] Rec. Doc. 16-3 at 1. Although Plaintiff states that this encounter occurred on November 4, 2015, Plaintiff also asserts that the encounter took place around midnight. Rec. Doc. 1 at 1.

[8] Rec. Doc. 16-3 at 1.

[9] Rec. Doc. 1 at 1. Plaintiff alleges that the deputies did not identify themselves.

[10] *Id.*

[11] *Id.*

[12] *Id.* at 2.

[13] *Id.*

[14] Rec. Doc. 16-3 at 2.

marijuana, and oxycodone; illegal possession of a firearm; battery on a police officer; resisting arrest by force or violence; possession of a firearm while in possession of narcotics; and possession of stolen goods with a value of more than $1,500.[15] In the complaint, Plaintiff asserts that on November 6, 2015, he was wrongfully arrested and remained incarcerated for 76 days.[16] Moreover, Plaintiff states that a bill of information was filed 67 days after Plaintiff was arrested.[17] According to Plaintiff, he was arrested after Defendant Detective Rivolo signed an affidavit for an arrest warrant and Defendant Sergeant Monson signed an application for his arrest.[18] Defendants state that "[o]n May 22, 2017, Plaintiff pled guilty to an amended charge of misdemeanor resisting arrest in violation of La. R.S. 14:108 and was sentenced to three months in Parish Prison with credit for time served."[19]

On November 3, 2016, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and various unidentified state laws during an arrest.[20] On February 6, 2018, Defendants filed a motion to dismiss.[21] Plaintiff did not file an opposition.

Mindful of Plaintiff's pro se status and construing the complaint liberally, the Court found that Plaintiff raised a false arrest claim, an excessive force claim, and an illegal search and seizure claim, all analyzed under the Fourth Amendment.[22] The Court found that Plaintiff's false arrest

---

[15] *Id.*

[16] Rec. Doc. 1 at 3.

[17] *Id.* at 3.

[18] *Id.* at 2–3.

[19] Rec. Doc. 16-3 at 2.

[20] Rec. Doc. 1 at 1.

[21] Rec. Doc. 16.

and excessive force claims were barred by the *Heck* doctrine as they attacked the validity of the underlying conviction.[23] However, the Court ordered supplemental briefing on the illegal seizure issue to address qualified immunity as raised by Defendants.[24] The Court also stated that Plaintiff may be attempting to assert a claim under Section 1983 that his Fourteenth Amendment due process rights have been violated, as Plaintiff states that "a Bill of Information was filed 67 days after being arrested."[25] Despite this statement, the Court found that Plaintiff had not named any party responsible for this delay as a defendant.[26] Thus, in consideration of Plaintiff's pro se status, the Court granted Plaintiff leave to amend the complaint to "address the deficiencies noted by the Court if possible and to allege any other potential claim Plaintiff may have against Defendants."[27]

On June 13, 2018, Plaintiff filed an amended complaint.[28] In the amended complaint, Plaintiff alleges that his arrest was improper because he "did not commit any of the crimes that [he] was accused of during this entire investigation."[29] Further, Plaintiff alleges that Defendants lied in their police report that the search warrant and arrest warrant in this case were based on false representations from Defendants.[30] Plaintiff alleges that Defendants "collude[d]" against him to fabricate charges without probable cause and that evidence of illegal drugs found in the course of

---

[22] Rec. Doc. 18 at 11.

[23] *Id.* at 10.

[24] *Id.* at 11.

[25] *Id.* (citing Rec. Doc. 1).

[26] *Id.*

[27] *Id.*

[28] Rec. Doc. 21.

[29] *Id.* at 2–3.

[30] *Id.* at 1–5.

the investigation was falsely attributed to him.[31] Plaintiff alleges that he only plead guilty to the crimes so that he could "move past" the criminal case.[32]

In regards to the search and seizure of the vehicle at issue in this case, Plaintiff alleges that Detective Rivolo lied about Plaintiff's cooperation to obtain the search warrant.[33] Plaintiff also makes allegations that Jefferson Parish Sheriff's Office ("JPSO") and the district attorney violated his Eighth Amendment rights by charging him with a "trumped up" felony, which lead to "excessive bail" and "bond rigging."[34] Plaintiff alleges that he sat in jail for 67 days before the charges against him were dropped.[35] Finally, Plaintiff alleges additional rights violations occurred while incarcerated.[36]

On July 12, 2018, Plaintiff filed a second amended complaint.[37] In the second amended complaint, Plaintiff repeats allegations that police officers and prison officials violated his rights while incarcerated and repeats allegations that he was falsely arrested in this case.[38] First, Plaintiff lays out the timeline of his arrest and the alleged rights violations that followed. Plaintiff alleges that immediately following his arrest, he was brought without a shirt or shoes to JPSO headquarters for questioning.[39] Plaintiff alleges that he was then brought to Jefferson Parish Correctional Center

---

[31] *Id.* at 6–7.

[32] *Id.* at 9.

[33] *Id.* at 8.

[34] *Id.*

[35] *Id.* at 9.

[36] *Id.* at 10–11.

[37] Rec. Doc. 26.

[38] *See id.*

[39] *Id.* at 1.

("JPCC") and confined to a "concrete room," alone while other prisoners cycled through during the course of the night.[40] Plaintiff alleges that during the first 24 hours of his detainment, he was not provided with bandages to treat the wounds incurred during the arrest.[41] Plaintiff then states that after approximately 44 hours of detainment, he was moved to a cell with a bed, but was later moved to a solitary "detox tank" for 8 hours due to the activities of a cellmate.[42] Plaintiff states that he was not charged with a crime until approximately 72 hours after he was arrested and was not given access to a phone to make calls until the third day of incarceration.[43] Plaintiff alleges that 96 hours after he was arrested, he was transferred to "medical."[44] Plaintiff alleges that approximately 120 hours after he was arrested he was brought before a judge for the first time.[45] Plaintiff alleges that approximately 139 hours after his initial imprisonment, he was moved to a cell with his own bed, clothes, and toiletries.[46] Plaintiff alleges that former Sheriff Newell Normand is responsible for the conditions in JPCC.[47]

Plaintiff also alleges that he remained in police custody for 67 days before he was arraigned and a bill of information was filed, in violation of state law.[48] Plaintiff then reasserts his allegations

---

[40] *Id.*

[41] *Id.* at 1–2.

[42] *Id.* at 2.

[43] *Id.* at 2–3.

[44] *Id.* at 3.

[45] *Id.*

[46] *Id.*

[47] *Id.* at 4.

[48] *Id.* Plaintiff alleges that this violated LA.C.Cr.P. 24 article 701(b).

from the original complaint regarding the conduct of officers during his arrest, specifically bringing allegations of false arrest and excessive force.[49]

On December 12, 2018, Defendants filed the instant motion to dismiss.[50] On December 31, 2018, Plaintiff filed a motion to continue hearing on the motion to dismiss.[51] On February 21, 2019, Plaintiff filed an opposition to the instant motion to dismiss.[52] On June 6, 2019, Plaintiff filed a motion for leave to file an amended complaint, which is set for submission on July 3, 2019 before Magistrate Judge Van Meerveld.[53]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendants assert that Plaintiff has failed to plead a cause of action and is unable to satisfy his burden of proof as a matter of law regarding the claims reserved by the Court after addressing the previous Motion to Dismiss.[54] Specifically, Defendants argue that Plaintiff has failed to allege or show that Defendants violated his Fourteenth Amendment right to due process by filing a late bill of information or that Defendants violated Plaintiff's Fourth Amendment rights through the search and seizure of the vehicle at issue in this case.[55] Further,

---

[49] *Id.* at 4–7.

[50] Rec. Doc. 41.

[51] Rec. Doc. 47.

[52] Rec. Doc. 49.

[53] Rec. Doc. 51.

[54] Rec. Doc. 41-2 at 1.

[55] *Id.*

Defendants argue that Plaintiff's newly asserted claims arising out of the alleged conditions of his confinement are barred and fail to state a claim.[56]

Defendants argue that the Court addressed Plaintiff's claims previously when it addressed the first motion to dismiss.[57] First, Defendants argue that the Court already stated that Plaintiff's claims for unlawful arrest and excessive force were barred.[58] Second, Defendants argue that Plaintiff's additional pleadings do not further flesh out the issues for which the Court requested additional briefing, specifically the search and seizure of his father's vehicle and the potential due process violations related to the timing of the bill of information.[59]

Regarding the claim of a due process violation tied to the timing of the bill of information, Defendants argue that the district attorney has charging authority and thus Plaintiff's claim should be properly brought against him and not Defendants who are police officers in this case.[60] Further, Defendants argue that Section 1983 is only a remedy for a violation of federal rights, and Plaintiff has only plead a violation of a state speedy trial statute.[61] Defendants also argue that Plaintiff fails to plead any facts showing that the statute was violated, as the statute provides different time limits based on different circumstances in each case, and Plaintiff has not detailed which circumstances

---

[56] *Id.*

[57] *Id.* at 2–3.

[58] *Id.*

[59] *Id.* at 4.

[60] *Id.* at 6.

[61] *Id.* at 7.

apply in this case.[62] Finally, Defendants argue that even if the government failed to institute charges in the time allotted, this alone would not amount to a due process violation.[63]

Regarding the claim of a Fourth Amendment violation arising from the search and seizure of the vehicle at issue in this case, Defendants argue that Plaintiff's additional pleading does not elaborate on the facts presented in the original complaint.[64] Defendants argue that Plaintiff's claim fails because he was not the owner or operator of the vehicle; Plaintiff abandoned the automobile; there existed a valid search warrant; probable cause for the search existed; and the search remained valid after the exigent circumstances ceased to exist.[65]

Regarding newly raised claims of constitutional violations of Plaintiff's confinement, Defendants argue that these claims are time barred.[66] Additionally, Defendants argue that Plaintiff has failed to allege that he was subjected to conditions posing a substantial risk of harm and to which the Sheriff was deliberately indifferent.[67]

### B. *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

The instant motion was filed on December 12, 2018 and set for submission on January 2, 2019.[68] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Therefore, Plaintiff's opposition was due on December 25, 2018. However, Plaintiff did not file a timely opposition. Instead, prior to filing an opposition, Plaintiff

---

[62] *Id*. at 7–8.

[63] *Id.* at 8 (citing *State v. Girard*, 524 So.2d 940 (La. App. 4th Cir. 1988)).

[64] *Id*. at 9.

[65] *Id*. at 9–15.

[66] *Id.* at 16.

[67] *Id*. at 16–18.

[68] Rec. Doc. 41.

filed a "Motion to Continue Hearing on Motion to Dismiss or Alternatively for Summary Judgment" to move the submission date for the motion to dismiss to February 27, 2019 and extend the deadline for his response to February 19, 2019.[69] Plaintiff eventually filed an opposition to the motion to dismiss on February 21, 2019.[70] The Court denies Plaintiff's motion to continue as moot. However, the Court has nonetheless considered Plaintiff's opposition in ruling on Defendant's motion to dismiss. In the opposition, Plaintiff argues that his amended complaint describes multiple instances where his constitutional rights were violated.[71]

First, regarding the delay in the filing of the bill of information, Plaintiff argues that Defendants violated his rights under Louisiana Code of Criminal Procedure article 701(B)(1)(a) by failing to arraign him within 60 days of incarceration.[72]

Second, regarding the search and seizure of the vehicle at issue, Plaintiff disputes that he abandoned the vehicle and argues that evidence in the record shows that he was "utilizing, and in possession of the [vehicle] at the time of the attack."[73] Plaintiff specifically points to the statements of Defendant Deputy Denoux in his crime report and the affidavit for the search and seizure warrant, and the affidavit of Deputy Monson in support of the search and seizure warrant.[74] Plaintiff alleges that these documents create a material dispute of fact that precludes summary judgment, despite Defendants assertion of qualified immunity.[75] Plaintiff also alleges the

---

[69] Rec. Doc. 47.

[70] Rec. Doc. 49.

[71] *Id.* at 1.

[72] *Id.*

[73] *Id.* at 2.

[74] *Id.*

[75] *Id.* at 2–3.

Defendants generally presented false information to obtain the search warrant at issue in this case.[76] Plaintiff also alleges that no probable cause existed for his arrest and no exigent circumstances existed for Defendants to search the vehicle after the arrest.[77]

Finally, regarding other claims for constitutional violations while incarcerated, Plaintiff argues that these claims are not time-barred as they relate back to the original complaint.[78]

### III. Legal Standard

#### A. *Motion for Judgment on the Pleadings under Rule 12(c)*

A motion for judgment on the pleadings under Rule 12(c) is treated in the same manner as a Rule 12(b)(6) motion to dismiss.[79] "The central issue is whether in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[80] The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[81] To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[82] "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

---

[76] *Id.* at 3–4.

[77] *Id.* at 6.

[78] *Id.* at 5.

[79] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trus Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

[80] *Id.* (internal quotations omitted).

[81] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999)).

[82] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

doubtful in fact)."[83]

If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56 and all parties must be given an opportunity to present all the material that is pertinent to the motion.[84] Nevertheless, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[85] Moreover, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[86] Here, the documents attached to the instant motion, police and court records related to Plaintiff's arrest and the warrant for the search and seizure of the vehicle, are referenced by Plaintiff in the complaints and are central to Plaintiff's claims that the police falsified evidence.[87] Thus, as Plaintiff does not rely on any summary judgment style evidence, the Court will analyze whether to dismiss Plaintiff's claims under Rule 12(c).

## B.    *Applicable Law on Section 1983*

"To state a claim under § 1983, a plaintiff must show: (1) he or she was deprived of a federal constitutional or statutory right or interest; (2) this deprivation occurred under the color of state law; and (3) the defendant was either personally involved in this deprivation or committed wrongful conduct that is causally connected to it."[88]

---

[83] *Id.* at 1965 (internal quotations, citations, and footnote omitted).

[84] Fed. R. Civ. P. 12(d).

[85] *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

[86] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

[87] *See* Rec. Docs. 41-4, 41-5.

[88] *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017).

## C.       *Legal Standard for Qualified Immunity*

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[89]  Qualified immunity is an "immunity from suit rather than a mere defense to liability."[90] Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[91]

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[92] Part one asks the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[93] Part two inquires whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[94] The Court does not have to address these two questions sequentially; it can proceed with either inquiry first.[95]

## IV. Analysis

The Court previously addressed some of the issues raised in the instant motion when it addressed Defendants previous motion to dismiss.[96] In addressing the previous motion to dismiss,

---

[89] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[90] *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).
[91] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[92] 533 U.S. 194 (2001).

[93] *Id.* at 201.

[94] *Id.* at 202.

[95] *See Pearson*, 555 U.S. at 236 ("On reconsidering the procedure required in *Saucier*, we conclude that, while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."); *see also Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014).

[96] *See* Rec. Doc. 18.

and construing the original complaint liberally, the Court found that Plaintiff raised a false arrest claim, an excessive force claim, and an illegal search and seizure claim, all analyzed under the Fourth Amendment.[97] The Court found that Plaintiff's false arrest and excessive force claims were barred by the *Heck* doctrine as the claims attacked the validity of the underlying conviction.[98] However, the Court ordered supplemental briefing on the illegal seizure claim and the qualified immunity defense raised by Defendants.[99] The Court also stated that Plaintiff may be attempting to assert a claim under Section 1983 that his Fourteenth Amendment due process rights have been violated, as Plaintiff states that "a Bill of Information was filed 67 days after being arrested."[100] Despite this statement, the Court found that Plaintiff had not named any party responsible for this delay as a defendant.[101] Thus, in consideration of Plaintiff's pro se status, the Court granted Plaintiff leave to amend the complaint to "address the deficiencies noted by the Court if possible and to allege any other potential claim Plaintiff may have against Defendants."[102]

In the instant motion, Defendants assert that Plaintiff has failed to plead a cause of action and is unable to satisfy his burden of proof as a matter of law regarding the claims reserved by the Court after addressing the previous Motion to Dismiss.[103] Specifically, Defendants argue that Plaintiff has failed to allege or show that Defendants violated his Fourteenth Amendment right to due process by filing a late bill of information or that Defendants violated Plaintiff's Fourth

---

[97] *Id.* at 11.

[98] *Id.* at 10.

[99] *Id.* at 11.

[100] *Id.* (citing Rec. Doc. 1).

[101] *Id.*

[102] *Id.*

[103] Rec. Doc. 41-2 at 1.

Amendment rights through the search and seizure of the vehicle at issue in this case.[104] Further, Defendants argue that Plaintiff's newly asserted claims arising out of the alleged conditions of his confinement are barred and fail to state a claim.[105] Plaintiff argues generally that the amended complaints describe multiple instances where his constitutional rights were violated.[106] The Court will address each claim individually.

### A.    Plaintiff's Fourth Amendment Claims for Unlawful Arrest and Excessive Force

In the amended complaints, Plaintiff reasserts claims for unlawful arrest and excessive force.[107] The Court has already addressed Plaintiff's Fourth Amendment claims for unlawful arrest and excessive force in its order addressing Defendants previous motion to dismiss.[108] The Court found that these were barred by the *Heck* doctrine as they attacked the validity of the underlying conviction.[109] Therefore, Plaintiff cannot properly raise those claims in the amended complaint.

### B.    Plaintiff's Fourth Amendment Illegal Search and Seizure Claim

In the Court's order addressing the previous motion to dismiss, it stated:

> Plaintiff also asserts a claim for illegal seizure of his vehicle. Defendants do not address this claim in the instant motion. However, Defendants raise the defense of qualified immunity. As a result, the Court will order supplemental briefing on Plaintiff's claim for illegal seizure of his vehicle and the potential application of qualified immunity to Plaintiff's claim.[110]

---

[104] *Id.*

[105] *Id.*

[106] Rec. Doc. 49 at 1.

[107] *See* Rec. Docs. 41, 49.

[108] See Rec. Doc. 18.

[109] *Id.* at 10.

[110] *Id.* at 12.

In the instant motion, Defendants argue that Plaintiff's additional pleading does not elaborate on the facts presented in the original complaint pertaining to the seizure of the vehicle at issue in this case.[111] Defendants argue that Plaintiff's claim fails because he was not the owner or operator of the vehicle; Plaintiff abandoned the automobile; there existed a valid search warrant; probable cause for the search existed; and the search remained valid after the exigent circumstances ceased to exist.[112] Plaintiff denies these allegations and states that evidence presented by Defendants in support of the search warrant was falsified.[113] Plaintiff does not provide further briefing on the issue of qualified immunity.

Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability.[114] The Supreme Court has set forth a two-part framework for analyzing whether a defendant was entitled to qualified immunity.[115] First, the Court asks "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[116] Second, the Court asks whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[117]

---

[111] Rec. Doc. 41 at 9.

[112] *Id.* at 9–15.

[113] Rec. Doc. 49.

[114] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

[115] *Saucier*, 533 U.S. at 201–202.

[116] *Id.* at 201.

[117] *Id.* at 202.

In the original complaint, Plaintiff alleges that "the 1986 Nissan Maxima parked at 4824 Wabash Street was illegally seized."[118] In the first amended complaint, Plaintiff alleges that Defendants fabricated fraudulent evidence against him and ultimately fabricated a fraudulent search warrant for the vehicle at issue.[119] Plaintiff specifically states that:

> Fraudulent information that was written into Agent Denoux's finalized crime report…was copied from a false search warrant containing no "PAGE OF PAGE" filing system or a proper date and time stamp (Denoux's search warrant for the 1986 Nissan Maxima: Exhibit D). This information was fraudulent and a blatant lie due to a biased opinion towards me, Jacob Lee. The Defendants were professionally embarrassed. Being that the information is knowingly fraudulent, I claim, with proof that the search warrant is intentionally fraudulent and illegal.[120]

Plaintiff also alleges that:

> Defendant Rivolo lied under oath on a search warrant [] for the jeep to sway the Commissioner's opinion in his favor. Rivolo told judge that I was not cooperative with Detective Dowling when I in fact was fully cooperative and truthful. I believe Rivolo would not have obtained a search warrant for my jeep had he not lied about me being uncooperative.[121]

Based on these allegations, Plaintiff has not met his burden of showing that Defendants' conduct violated a constitutional right. To start, it is unclear that Plaintiff is even referring to the search warrant or vehicle at issue in this case. The seized vehicle was a 1986 Nissan Maxima, not a "jeep" as referred to by Plaintiff in the most relevant portion of the amended complaint.[122] Additionally, Plaintiff claims that Defendant Rivolo lied about his cooperation with Defendant

---

[118] Rec. Doc. 1 at 2.

[119] *See* Rec. Doc. 21 at 4.

[120] *Id.* at 4–5.

[121] *Id.* at 7–8.

[122] *See id.* at 4–8.

Dowling in order to obtain the search warrant.[123] However, the affidavit in the record was signed by Detective Denoux and does not mention Defendant Dowling.[124]

Even interpreted generously, Plaintiff's only specific allegation regarding the search and seizure of the vehicle is that Defendants lied about his "cooperation," presumably during the course of his arrest.[125] An officer is only "liable for swearing to false information in an affidavit in support of a search warrant, provided that: (1) the affiant knew the information was false or [acted with] reckless disregard for the truth; and (2) the warrant would not establish probable cause without the false information."[126] Regardless of whether Plaintiff was cooperating with Defendants' investigation, probable cause existed for the issuance of the search warrant for the vehicle. In the affidavit in support of the search warrant, Defendant Denoux attests that a confidential informant told officers that Jacob Borel, an alias of Plaintiff in this matter, regularly participates in burglaries of vehicles in Jefferson Parish and was in possession of and selling illegal firearms.[127] Defendant Denoux also attested that the confidential informant told officers that Jacob Borel was utilizing a Blue Nissan Maxima, matching the description of the vehicle at issue in this case.[128] Regardless of Plaintiff's conduct when approached by officers, probable cause existed for the search warrant based on the information obtained from the confidential informant in this case. Therefore, even interpreted generously, Plaintiff fails to properly allege a Fourth Amendment illegal search and seizure claim and the Court will dismiss this claim.

---

[123] *Id.* at 7–8.

[124] *See* Rec. Doc. 41-4 at 3

[125] Rec. Doc. 21 at 4–8.

[126] *Hart v. O'Brien*, 127 F.3d 424, 442 (5th Cir. 1997) (*citing Franks*, 438 U.S. at 171, 98 S.Ct. 2674 (1978)).

[127] Rec. Doc. 41-4 at 2.

[128] *Id.*

### C.      *Plaintiff's Fourteenth Amendment Due Process Claim and Other Claims*

In the Court's order addressing the previous motion to dismiss, it stated:

> However, Plaintiff may also be attempting to assert a claim under Section 1983 that his Fourteenth Amendment due process rights have been violated, as Plaintiff states that "a Bill of Information was filed 67 days after being arrested."[129] Despite this statement, Plaintiff has not named any party responsible for this delay as a defendant. In consideration of Plaintiff's pro se status, the Court grants Plaintiff leave to amend his compliant to address the deficiencies noted by the Court if possible and to allege any other potential claim Plaintiff may have against Defendants.[130]

In the instant motion to dismiss, Defendants argue that Plaintiff's claim for a due process violation tied to the timing of the filing of the Bill of Information should be dismissed because the district attorney has charging authority and thus Plaintiff's claim should be properly brought against him and not Defendants named in this case, who are police officers.[131] Defendants also argue that Plaintiff's claim is precluded because Plaintiff has not plead a violation of a federal right as required to bring a Section 1983 claim, and the alleged violation, even if true, would not alone amount to a due process violation.[132] Finally, Defendants argue that Plaintiff fails to plead facts demonstrating that the state statute at issue was actually violated, as the statute provides different time limits based on different circumstances in each case.[133]

Plaintiff has not properly pled a claim related to a due process violation against the Defendants at issue in this case. Defendants are police officers involved in the investigation and

---

[129] Rec. Doc. 1.

[130] Rec. Doc. 18 at 11.

[131] Rec. Doc. 41 at 6.

[132] *Id.* at 7–8.

[133] *Id.* at 7–8.

arrest of Plaintiff in this case.[134] Louisiana Code of Criminal Procedure Article 61 states that "the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Therefore, Defendant police officers named in this case are not liable for any alleged errors in the filing of the Bill of Information. As the Court has already given Plaintiff an opportunity to amend his complaint to name a party responsible, and Plaintiff has not done so, the Court will grant Defendants' motion to dismiss as to Plaintiff's potential claim for a due process violation related to the filing of the Bill of Information.

Plaintiff also raises new allegations in the amended complaints related to various constitutional violations while he was incarcerated.[135] Plaintiff specifically states that "Sheriff Newell Normand is responsible for the conditions of the Jefferson Parish Correctional Facility."[136] However, Sheriff Normand is not a Defendant in this case. Plaintiff fails to bring any allegations against Defendants in this case related to his treatment while incarcerated. Therefore, the Court will also dismiss any claims for violation of Plaintiff's constitutional rights while incarcerated as they pertain to these Defendants.

Accordingly,

---

[134] *See* Rec. Doc. 1 at 1–3.

[135] Rec. Doc. 26 at 1–4.

[136] *Id.* at 4.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Continue Hearing on Motion to Dismiss or Alternatively for Summary Judgment" is **DENIED AS MOOT**.[137]

**IT IS FURTHER ORDERED** that Defendants' "Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(c) or, alternatively, for Summary Judgment Pursuant to F.R.C.P. 56"[138] is **GRANTED** and all remaining claims against Defendants are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of June, 2019.

         *Nannette Jolivette Brown*

         **NANNETTE JOLIVETTE BROWN**
         **CHIEF JUDGE**
         **UNITED STATES DISTRICT COURT**

---

[137] Rec. Doc. 47.

[138] Rec. Doc. 41.