UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JACOB DANIEL LEE | * | CIVIL ACTION NO. 16-16072 |
| | * | |
| | * | SECTION: "G"(1) |
| VERSUS | * | |
| | * | JUDGE NANNETTE JOLIVETTE BROWN |
| CHASE DENOUX, DAVIS DOMINIC, MARK MONSON, SHANE RIVOLO, AND UNIDENTIFIED PARTIES | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |

## ORDER AND REASONS

Before the Court is the Motion for Leave to Amend Complaint filed by plaintiff Jacob Daniel Lee. (Rec. Doc. 51). For the following reasons, the Motion is DENIED.

### Background

Mr. Lee filed this lawsuit more than two-and-a-half years ago on November 3, 2016, alleging that he was attacked by police officers on November 4, 2015; that a 1986 Nissan Maxima was illegally seized on November 5, 2015; that on November 6, 2015, he was wrongfully arrested and held for 76 days, and that a bill of information was not filed until 67 days after his arrest. (Rec. Doc. 1). He named Jefferson Parish Sheriff's Office deputies Chase Denoux, Devin Dominic, Mark Monson, and Shane Rivolo as defendants. Id. Mr. Lee was, and is, proceeding *pro se*.

Once defendants appeared, the scheduling order was issued on June 27, 2017. It did not set a deadline for amending pleadings, but noted that "[p]leadings have been completed."

Defendants filed a motion to dismiss or, alternatively, for summary judgment, on February 6, 2018. They averred that Mr. Lee violently resisted arrest on November 5, 2015, when he was apprehended as a suspect in narcotics, firearm, and burglary activity. They averred that Mr. Lee was arrested on November 6, 2015, for illegal possession of LSD, marijuana, and oxycodone; illegal possession of a firearm; battery on a police officer; resisting arrest by force or violence;

1

possession of a firearm while in possession of narcotics; and possession of stolen goods. Defendants further averred that Mr. Lee pleaded guilty to an amended charge of misdemeanor resisting arrest on May 22, 2017. The court dismissed Mr. Lee's false arrest and excessive force claims as barred by Heck v. Humphrey, 512 U.S. 477 (1994), finding that both claims would necessarily imply the invalidity of his arrest and conviction for resisting arrest when he had not shown the conviction was reversed on direct appeal, expunged, or declared invalid. Construing Mr. Lee's pleadings liberally, the court denied the defendants' motion as to Mr. Lee's possible due process claim arising out of the 67-day period of incarceration before the bill of information was filed, but noted that Mr. Lee had failed to name a party responsible for this delay as a defendant. The court granted Mr. Lee leave to amend his complaint to address the deficiencies, noting that Mr. Lee's failure to do so would result in dismissal upon defendants' motion. Because the defendants had not addressed it, the court also denied their motion as to Mr. Lee's claim for illegal search and seizure of the vehicle, noting that supplemental briefing would be required regarding the potential application of qualified immunity.

Mr. Lee filed an amended complaint on June 13, 2018, and again on July 12, 2018. He added additional factual allegations concerning his alleged false arrest, the alleged use of excessive force, the search and seizure of the vehicle, and added allegations that the police officers and prison officials violated his rights while he was incarcerated and that excessive bail had been imposed. He did not name any new parties. A new scheduling order was issued setting trial for January 14, 2019. On December 12, 2018, defendants filed a motion to dismiss or, alternatively, for summary judgment. The defendants also moved to continue the trial, which was granted, and on February 1, 2019, the district court issued a new scheduling order setting trial to begin on July 8, 2019. Mr. Lee filed an untimely opposition to defendants' motion to dismiss on February 21, 2019.

On June 6, 2019, Mr. Lee filed the present motion for leave to amend. On June 14, 2019, the district court granted the defendants' pending motion to dismiss Mr. Lee's existing complaint. The court reiterated that Mr. Lee's unlawful arrest and excessive force claims were barred by Heck. Applying the doctrine of qualified immunity, the court dismissed Mr. Lee's claim for illegal search and seizure of the Nissan Maxima. The court also dismissed Mr. Lee's claim for due process violations because Mr. Lee had not named a party responsible for those alleged violations even after the court's instruction that he do so. The court further dismissed Mr. Lee's claims related to alleged constitutional violations while he was incarcerated because Mr. Lee had failed to bring any allegations against the named defendants related to his treatment while he was incarcerated and although he had alleged that Sheriff Newell Normand was responsible for conditions of the Jefferson Parish Correctional Facility, he had not named Sheriff Normand as a defendant.

The court now turns to Mr. Lee's proposed pleading. Mr. Lee seeks to name as additional defendants the Jefferson Parish District Attorney ("DA"), an unnamed Assistant District Attorney for the Jefferson Parish District Attorney's Office ("ADA"), and the Jefferson Parish sheriff in his official capacity. Mr. Lee asserts a new claim arising out of an alleged incident on July 10, 2016, when defendants Monson and Denoux pulled Mr. Lee over for a traffic stop and wrote him a citation for possession of marijuana. Mr. Lee alleges there was no probable cause for the officers to pull him over, that they conducted an illegal search of his vehicle, that they harassed his girlfriend, and that they told him that he needed to plead guilty to the charges related to the November 2015 incident. He alleges the officers were trying to coerce him into pleading guilty. Mr. Lee realleges his excessive force claim arising out of the November 4, 2015 incident, and his false arrest and false imprisonment claims arising out of the November 6, 2015, arrest. Mr. Lee alleges that the defendants fabricated lies to "trump up" the charges against him so that his bail

3

would be excessive. He alleges a claim for slander, libel, and defamation of character arising out of statements by Sheriff Normand to the media on November 5, 2015, allegedly portraying Mr. Lee as an armed, dangerous, drug-abusing criminal. Mr. Lee also adds a claim for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 and 1986, all concerning his November 6, 2015, arrest and the issuance of the bill of information 67-days later. Mr. Lee's proposed pleading also contains additional allegations concerning the conditions during his incarceration.

Defendants oppose the proposed amendment. They argue that the proposed pleading should not be allowed because of Mr. Lee's undue delay in filing it. They point out that the incident in question occurred almost four years ago and that Mr. Lee has had two prior opportunities to amend. They say Mr. Lee has stated no reason for his delay or why the new parties and claims could not have been added earlier. Defendants further argue that Mr. Lee's amendment would be futile. They say that all of his claims arising out of his arrest and the alleged use of excessive force have already been found barred by Heck. They say this same rule applies to Mr. Lee's new claims for conspiracy and for excessive bail. Further, they argue that Mr. Lee's claims against the new defendants are prescribed. They say that when a new defendant is added after the limitations period, the claims only relate back to the original date of filing if the new defendant received adequate notice of the original lawsuit and where the new defendant knew that, but for a mistake concerning identity, the new defendant would have been named originally. They argue relation back is inapplicable here because there was no mistake in the identity of the newly added parties.

<u>Law and Analysis</u>

1. *Standard to Amend Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties

or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller, 342 F.3d at 566.

The Fifth Circuit has also explained that courts "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." Parish v. Frazier, 195 F.3d 761, 764 (5th Cir. 1999). In Parish, for example, the district court denied leave to amend where the plaintiff filed her motion for leave to amend on the same day as defendants' motion for summary judgment and her amendment would likely require additional discovery and another motion for summary judgment. Id. at 764. The court held that the amendment "would unduly prejudice the defendants and raise concerns about seriatim presentation of facts and issues." Id. The Fifth Circuit affirmed, holding that the district court had not abused its discretion. Id.

Similarly, in Little v. Liquid Air Corp., the plaintiffs sought leave to amend and raise an entirely new factual basis for their claims, which "would have required that the parties reopen discovery and alter their trial strategies." 952 F.2d 841, 846 (5th Cir. 1992), on reh'g en banc, 37

5

F.3d 1069 (5th Cir. 1994). In affirming the district's court's order denying leave to amend, the Fifth Circuit concluded:

> There is little question that the delay in this case was particularly egregious. First, the plaintiffs did not propose their amendment until well over a year after they had instituted their actions and several months after discovery on the actions had effectively terminated. Second, by the time the plaintiffs proposed their amendment, [the defendant] had already moved for summary judgment. Despite the apparent delay, however, the plaintiffs did not attempt to satisfy their burden: they offered no evidence that their delay in filing the motions for leave to amend was excusable or a result of mere oversight.

Id.

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

   2. *Futility*

In addition to arguing that Mr. Lee's motion should be denied because of his undue delay, defendants argue that it should be denied as futile. To determine whether a complaint is futile, courts "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872–73 (5th Cir. 2000) (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### a. Heck v. Humphrey

Defendants raise two reasons why Mr. Lee's claims are futile. The first is that they are barred by Heck v. Humphrey. In that case, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486–87 (1994) (footnote omitted). For example, in Walter v. Horseshoe Entertainment, the Fifth Circuit held that because the plaintiffs were ultimately convicted of the crimes for which they were arrested, "Heck therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest."483 F. App'x 884, 887 (5th Cir. 2012). The court of appeal similarly held that the plaintiffs' claims for excessive force were barred by Heck. Id.

### b. Prescription and Relation Back

The second basis for the defendants' futility argument is that Mr. Lee's new claims have prescribed and that the principle of relation back does not apply. "When a plaintiff adds a defendant after the limitations period has run, Rule 15(c) allows the plaintiff to relate the claims filed against the new defendant back to the date of the original filing." Winzer v. Kaufman Cty., 916 F.3d 464, 470 (5th Cir. 2019). A pleading relates back to the date of the filing of the original complaint where:

> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). To meet the requirement that the proposed claim or defense arose out of the conduct, transaction, or occurrence attempted to be set out in the original pleading, "the original and amended petitions [must] state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005). For example, in Jackson v. Suffolk Cty. Homicide Bureau, the Second Circuit Court of Appeals held that where the plaintiff's original complaint asserted a Fifth Amendment claim for excessive force following his arrest, his later assertion of a religion/privacy claim for photographing him in the nude following his arrest did not arise out of the same conduct as the excessive force claim and, therefore, did not relate back. 135 F.3d 254, 256 (2d Cir. 1998).

The new defendant need not have received actual notice for the "notice" requirement of Rule 15(c)(1)(C)(i) to be satisfied. Kirk v. Cronvich, 629 F.2d 404, 407 (5th Cir. 1980), overruled on other grounds by Schiavone v. Fortune, 477 U.S. 21, 30 (1986), superseded by Fed. R. Civ. P. 15(c) (1991). For example, "[w]here service of the original complaint is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party." Kirk, 629 F.2d at 407. And "notice may be imputed to the new party through shared counsel." Jacobsen v. Osborne, 133 F.3d 315, 320 (5th Cir. 1998). Additionally, the court "will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted." Jacobsen, 133 F.3d at 320. "Identity of interest generally means

that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Kirk, 629 F.2d at 408 n. 4 (5th Cir. 1980) (quoting 6 C. Wright and A. Miller, Federal Practice and Procedure s 1499, p. 517 (1972)). For example, "the sheriff and the sheriff's office share a close enough relationship so that we can conclude that notice to one is notice to the other under the identity of interest theory." Id.

In addition to showing the new defendant had adequate notice, the plaintiff must show that the new defendant knew or should have known that he would have been named but for a mistake concerning his identity. Fed. R. Civ. P. 15(c)(1)(C)(ii). Indeed, "Rule 15(c) is meant to 'correct a *mistake* concerning the identity of the party.'" Winzer, 916 F.3d 464, 470 (5th Cir. 2019) (quoting Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998)) (emphasis in original). Thus, an amended complaint does not relate back "if the newly-added defendants were not named originally because the plaintiff did not know their identities." Id. (quoting Jacobsen, 133 F.3d at 321).

For example, in Jacobson, the plaintiff brought a §1983 action against a named police officer and an unnamed deputy identified as "John Doe" claiming he had been falsely arrested and abused by the officers. 133 F.3d at 317. After the limitations period had expired, he sought to name the arresting police officers and Sheriff's deputies, which he had learned in discovery. Id. at 317-18. The magistrate judge denied the plaintiff leave to amend, finding the amendment was untimely and futile as time-barred. Id. at 318. The Fifth Circuit Court of Appeals reversed in part and affirmed in part. Id. at 322. As to the arresting officers sought to be added, the court of appeals found the plaintiff had mistakenly named a different police officer in the original complaint believing the originally named officer to be the arresting officer. Id. at 320. The court of appeals also found that the newly named arresting officers had notice of the action because they had an

9

identity of interest with the originally named officer and the City so that notice could be inferred. Id. Thus, as to the arresting officers, the court of appeal held the amendment was not futile because it related back to the original complaint. Id. As to the deputies, however, the court of appeals found the amendment did not relate back because the plaintiff had not been mistaken about the identity of the deputies. Id. 320-21. Instead, he was simply seeking to substitute named deputies for "John Doe" defendants because he had not known their identities at the time of filing. Id.

   3. *Mr. Lee's Proposed Amendment*

The scheduling orders issued by the district court did not explicitly set a deadline for amendment of pleadings. Thus, the court applies the standard of Rule 15 to determine whether the pleading should be allowed.[1] Under the circumstances, the court finds substantial reason to deny the proposed amendment.

First, the court finds that Mr. Lee's delay in filing has been undue. This lawsuit was filed more than two and-a-half years ago. When Mr. Lee filed his motion, trial was scheduled to begin only 32 days later. Mr. Lee amended his complaint twice in 2018 and failed to name the DA, ADA, or Sheriff. He failed to assert any allegations related to the alleged defamation on November 5, 2015 or the alleged traffic stop that occurred in July 2016.

Even in the months following the filing of defendants' December 2018 motion to dismiss and for summary judgment, Mr. Lee did not seek to amend. That motion has now been ruled on. Mr. Lee's only explanation for this delay is that because he is proceeding *pro se*, he has "had little time and limited resources to complete this essential amendment," and that he "required additional time to obtain documents associated with the criminal and civil action… [and] extra details and

---

[1] Defendants analyze Mr. Lee's amendment under Rule 16. Arguably the court's statement that "pleadings have been completed" could be interpreted as closing the period to amend pleadings such that Rule 16's standard to amend the court's scheduling order applies. However, because Mr. Lee's motion does not even meet the more liberal standard of Rule 15, the court does not now address Rule 16.

clarity for the original complaint." Although the pleadings of *pro se* litigants are construed liberally, they are not excused from following the rules that govern these proceedings. See Frazier v. Wells Fargo Bank, N.A., 541 F. App'x 419, 421 (5th Cir. 2013) ("Nonetheless, *pro se* litigants, like all other parties, 'must abide by' the rules that govern the federal courts."). Mr. Lee has had ample time to allege the causes of action he now seeks to add to his complaint, and he has failed to offer any reasonable explanation for why he could not have done so earlier.

Furthermore, another Rule 15 consideration is whether allowing this amendment would cause prejudice to the opposing party. Here, it would, particularly given that defendants have already had to respond to repeated amendments and have filed and obtained a largely favorable ruling on their first motion to dismiss and a complete victory on their second motion to dismiss. They would have to defend themselves against very different claims than those previously asserted, now relating to defamation and a July 2016 traffic stop. The new defendants would have to be served, would have to respond to the amended complaint, and would have to begin the discovery process anew. Trial would inevitably be delayed.

Further, the motion for leave to amend must be denied as futile. The court addresses each of Mr. Lee's new and revised causes of action below.

   a. *July 10, 2016, incident*

Mr. Lee alleges a claim for "witness tampering, harassment, coercion, and obstruction of justice," arising out of the July 10, 2016, allegedly unjustified traffic stop by defendants Monson and Denoux. He appears to be asserting a §1983 claim that his constitutional right to due process was violated as a result of this traffic stop. This is an entirely new claim. No facts even suggesting a July 10, 2016, incident involving Monson and Denoux were alleged at the time this lawsuit was filed only four months after the alleged incident or in the two amendments since then. Nor did the

11

original complaint suggest any witness tampering, obstruction of justice, harassment, or coercion. This proposed claim therefore is futile as it has prescribed. "The limitations period for a § 1983 action is determined by the state's personal injury limitations period." Winzer v. Kaufman Cty., 916 F.3d 464, 470 (5th Cir. 2019). In Louisiana, that period is one year. La. Civ. Code art 3492; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989). Mr. Lee did not attempt to assert claims arising out of a July 10, 2016, incident until almost three years later on June 6, 2019. No reasonable argument can be made that this claim relates back to the filing of the original complaint because the amendment does not assert a claim "that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Accordingly, the claim is futile as prescribed. Mayle, 545 U.S. at 664 (2005); Jackson, 135 F.3d at 256.

   b. *Excessive Force and False Arrest and Imprisonment*

Mr. Lee seeks to allege that the defendants used excessive force during the November 4, 2015 incident, and that he was wrongfully arrested and imprisoned on November 6, 2015. The district dismissed Mr. Lee's excessive force and unlawful seizure claims as barred by Heck on May 16, 2018 and reiterated in the court's June 14, 2019, ruling that Mr. Lee could not properly raise those claims in an amended complaint. The same reasoning applies here. Mr. Lee's claims for use of excessive force and unlawful arrest and imprisonment are futile because they are barred by Heck.

   c. *Excessive Bail*

Mr. Lee again claims that the defendants fabricated lies to trump up the charges against him. He alleges they "worked together to file as many fake charges as possible with the DA's office in order to have my bond raised to excessive amounts to keep me in JPCC as long as

possible." He says his bond was set at $237,000. He alleges that the simple burglary charges against him each carried a $20,000 bond amount, totaling $100,000. He alleges that the Jefferson Parish DA "did not pick up 4 of the 5 burglary charges" and eventually dismissed all felony charges "due to the inconsistencies produced by the defendants." Thus, he insists, that the $237,000 bond based on all of these charges was excessive.

Mr. Lee first raised an "excessive bail" claim in his First Amended Complaint filed in June 2018. At that time, he alleged that the Jefferson Parish Sheriff's Office held him on "charges that were trumped up" and that they booked him as a convicted felon which resulted in his bail being higher. He alleged that the DA charged him with use of a firearm, which has a bond of $50,000, but he points out that this charge was later dropped. He also alleged that officer Rivolo did not have probable cause to arrest him for simple burglary and that, therefore, Rivolo was at fault for Mr. Lee's bail being unreasonable and excessive. Mr. Lee's excessive bail claim was dismissed by the district court on June 15, 2019, when the court ruled that Mr. Lee had failed to name as defendant the party responsible for the alleged due process violations.[2] He now seeks to name the DA and an unidentified ADA as the parties responsible for the charges that led to his $237,000 bail.

The defendants argue that like Mr. Lee's claims for excessive force and unlawful arrest, his claim for excessive bail would necessarily imply the invalidity of his arrest and conviction for resisting arrest. Thus, they say that the claim is barred by Heck. They cite Cain v. City of New Orleans, 186 F. Supp. 3d 536, 548 (E.D. La. 2016). There, however, the district court held that

---

[2] Although styled by Mr. Lee as an Eighth Amendment claim for excessive bail, prior to conviction, "allegations of punishment before adjudication of guilt must be addressed under the Due Process Clause of the Fourteenth Amendment." Broussard v. Par. of Orleans, 318 F.3d 644, 652 (5th Cir. 2003) (noting also that the United States Supreme Court "has never directly applied the Excessive Fines Clause of the Eighth Amendment to the several states").

13

Heck did not bar the plaintiffs' claim that criminal district court judges violated their rights by failing to conduct sufficient inquiry into their good-faith ability to pay before issuing arrest warrants and indefinitely jailing criminal defendants for their failure to pay outstanding court costs. Id. The court found that these claims did not contradict the factual bases for the plaintiffs' state court guilty pleas for theft, battery, and simple criminal damage. Id. Presumably the defendants do not urge the same result here. Indeed, the Cain case is different, because plaintiffs there challenged the imposition of fines and the court's failure to consider their ability to pay following their conviction and plaintiffs' claim did not depend on finding that the underlying convictions had been improper. In contrast, here, Mr. Lee says that he was overcharged with felony crimes prior to his conviction. As noted, Mr. Lee was ultimately convicted for resisting arrest. To the extent his excessive bail claims would call that conviction into question, they are barred by Heck.

To the extent Mr. Lee's excessive bail claims would not call his conviction into question, they are not barred by Heck, but they are futile because they are prescribed. As noted above, the prescriptive period for Mr. Lee's § 1983 claims is one year. Elzy, 868 F.2d at 794. Although he had not named the DA as a party, in his first amended complaint, Mr. Lee alleged that the DA held him on "trumped up" charges on November 9, 2015. This is the date on which his excessive bail claim accrued.[3] He did not attempt to allege his excessive bail claims until over two years later on June 13, 2018. He did not attempt to join the DA and ADA as defendants until June 6, 2019, more than three years after his bail was set. Mr. Lee complains that the officer defendants worked together to file as many fake charges as possible with the DA in order to have his bond amount

---

[3] It might be possible to argue that Mr. Lee's excessive bail claim did not accrue until the DA dropped the felony charges against him. Mr. Lee does not allege when that occurred. There appears to be no dispute, however, that he pleaded guilty to resisting arrest on May 22, 2017. That would seem to be the latest possible date on which the other charges against him were dropped and therefore the latest date on which Mr. Lee's excessive bail claim accrued. Even using this date, however, Mr. Lee's excessive bail claim is untimely because it was not filed until over one year thereafter.

14

raised to excessive amounts to keep him incarcerated as long as possible. Because this claim was filed more than one year after the date the injuries were allegedly sustained, Mr. Lee's excessive bail claims are futile as prescribed unless they relate back to the date of the original filing under Rule 15(c).

The first requirement is that the new claim arises out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). Mr. Lee's original complaint focused on the November 4, 2015, incident, alleging that Mr. Lee had been attacked by officers Denoux and Dominic. Mr. Lee also alleged that a Nissan Maxima was illegally seized. He alleged that arrest warrants were issued based on the affidavit of defendant Rivolo, first for a Jacob Borel,[4] and then another for Mr. Lee. He alleged he was wrongfully arrested and remained incarcerated for 76 days. He alleged that a Bill of Information was filed 67 days after his arrest. Mr. Lee did not allege that his bail was excessive or that the charges against him were trumped up. The court finds that the excessive bail claim does not arise out of the same core of operative facts as Mr. Lee's original complaint. Accordingly, relation back under Rule 15(c) is inapplicable and Mr. Lee's excessive bail claim is futile as prescribed.

   d. *Slander, Libel, and Defamation*

Mr. Lee seeks to raise a brand-new claim against Sheriff Normand arising out of statements made by Normand on the local news on November 5, 2015, including that Mr. Lee was an armed criminal. Mr. Lee also implicates the officer defendants, asserting that they lied in obtaining an arrest warrant for him. Mr. Lee's state law claims for slander, libel, and defamation have prescribed. Such claims sound in tort and are subject to the one-year prescriptive period set forth

---

[4] In his First Amended Complaint, Mr. Lee notes that Jacob Borel was alleged by the defendants to be one of Mr. Lee's aliases.

in Louisiana Civil Code article 3492. Zeigler v. Hous. Auth. of New Orleans, 2012-1168 (La. App. 4 Cir. 4/24/13), 118 So. 3d 442, 455.

The original complaint did not seek to assert a claim for defamation, slander, or libel. Although Mr. Lee mentioned the November 5, 2015, press conference where the Sheriff's Office said it found guns and drugs during the course of the investigation and declared "Jacob Borel" as the "Joe Vitt" burglar and still at large, Mr. Lee sought only to assert that his constitutional rights and federal law had been violated. There was no indication in his original complaint, nor his two subsequent complaints that he intended to assert state law claims for defamation. Even if this new claim could be found to have arisen out of the same transaction or occurrence as those alleged or attempted to be alleged in the original complaint, Mr. Lee cannot show that but for a mistake concerning the identity of the party who defamed him, he would have named Sheriff Normand in the original complaint. There is no indication that Mr. Lee did not know that it was the Sheriff who spoke at the November 5, 2015 press conference. Indeed, in his First Amended Complaint, he alleges that "I was in full cooperation with the officers from the minute that I noticed that Sheriff Newell Normand was asking for me on the news." Accordingly, relation back under Rule 15(c) is inapplicable and Mr. Lee's defamation, slander, and libel claims are futile as prescribed.

   e. *Conspiracy*

In his proposed amended pleading, Mr. Lee adds a claim for conspiracy to interfere with his civil rights under 42 U.S.C. §1985 and 1986. He alleges that the original defendants, the DA, and the unnamed ADA colluded to deprive him of his rights. The entire conspiracy includes Mr. Lee's alleged false arrest and the alleged intimidation he says resulted in him pleading guilty. As defendants point out, Heck also operates as a bar to claims under §§ 1981, 1985(3), and 1986. Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999). Because the alleged conspiracy challenges his

arrest and conviction for a charge that has not been overturned, the claim is barred by Heck. The proposed amendment to add a conspiracy claim is, therefore, futile.

   *f. Conditions of Incarceration*

Mr. Lee seeks to add additional allegations to his claim challenging the conditions of his incarceration. Mr. Lee first asserted claims challenging the conditions of his incarceration in his First Amended Complaint filed on June 13, 2018, but he failed to name Sheriff Normand as a defendant or to allege any facts implicating the existing defendants. His claim was dismissed by the district court on June 14, 2019, because Mr. Lee had not named the Sheriff as a defendant or implicated any of the existing defendants in the allegedly unconstitutional conditions. Although Mr. Lee has now named the Sheriff in his official capacity as a party, his claim remains futile. Mr. Lee challenges his incarceration, which began on November 6, 2015, and ended 76 days later on January 21, 2016. He did not add a claim challenging the conditions of his incarceration until more than two years later. He did not name a defendant who might be responsible for the conditions until more than three years later. Like Mr. Lee's other § 1983 claims, his claims arising out of the conditions of his incarceration are subject to a one-year prescriptive period. He has failed to assert this claim until more than one year after his cause of action accrued and, accordingly, these claims are futile. Relation back under Rule 15(c) is inapplicable here because his claims challenging the conditions of incarceration do not arise out of the same conduct, transaction, or occurrence as his original complaint, which challenged the alleged use of excessive force, the search of the Nissan Maxima, his arrest and incarceration, and the time it took for the bill of information to be filed. There was no indication in his original complaint that the conditions of incarceration were at issue. By the time he first attempted to assert a claim concerning the conditions of his incarceration on

17

June 13, 2018, that cause of action had already prescribed. Accordingly, Mr. Lee's claims challenging the conditions of his incarceration are futile as prescribed.

## Conclusion

Under the "sound discretion" vested in it, the court finds the amendment should not be allowed because there has been undue delay, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and in any case, the new claims would be futile. Schiller, 342 F.3d at 566. Accordingly, Mr. Lee's Motion for Leave to Amend (Rec. Doc. 51) is DENIED.

New Orleans, Louisiana, this 27th day of June, 2019.

Janis van Meerveld
United States Magistrate Judge